CIACCIO, Judge.
An Orleans Parish grand jury indicted defendant for distribution of heroin, a violation of La.R.S. 40:966. A jury of twelve found the defendant guilty as charged. Following the appropriate legal delays the court sentenced defendant to life imprisonment.
Defendant perfected this appeal on the basis of a single assignment of error, viz.; “The statute imposes an unconstitutionally heavy penalty for distribution of heroin.” We have considered defendant’s assignment of error, and we have reviewed the record for errors patent and for sufficiency of evidence. La. Const, of 1974 Art. 1 Sec. *406 19 and La.C.Cr.P. Art. 920. We have found no error in the proceedings and, therefore, affirm defendant’s conviction and sentence.
On July 14, 1982, several Federal and State narcotics agents met and made plans for an undercover drug purchase from an individual in Orleans Parish named Donald Wolf. (Donald Wolf is defendant’s brother.) Special Agent Artis Wells, who has been with the Federal Drug Enforcement Agency for 10 years, went with a confidential informant to a Baronne Street address hoping to purchase heroin. Wells knocked on the door. Defendant answered the knock and Agent Wells asked him for three bags of heroin. Defendant gave Wells three aluminum foil packets for which Wells paid him $75.00. A chemist with the D.E.A. later determined that all three packets contained heroin.
At trial, defendant testified that he did not participate in the sale. He also denied having seen Agent Wells prior to trial. Defendant stated that his brother, Donald Wolf, and several family members lived at the Baronne Street apartment. Although he denied having ever seen the three packets of heroin in evidence in this case, he admitted having seen similar ones in his brother’s possession, but never at the Bar-onne Street address.
Defendant was questioned as to his criminal record: aggravated assault (with a sawed off shotgun), resisting arrest; seven months before trial defendant pleaded guilty to automobile burglary.
The defense attempted to impeach Agent Wells’s identification of the defendant by having the defendant and his brother, Donald Wolf, stand side by side. Agent Wells, however, remained certain that defendant had been his supplier, doubly certain because Donald Wolf was the subject of a separate investigation. The defense called Donald Wolf to the witness stand, but then withdrew him as a witness.[1]
ERRORS PATENT
We have reviewed the record for any error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. La.C.Cr.P. Art. 920(2). We have found none.
SUFFICIENCY OF THE EVIDENCE
Agent Wells positively identified defendant as the individual who sold him on request three bags of heroin for a total of $75.00. We find that viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found that every essential element of the offense charged had been proven beyond a reasonable doubt. This being the standard for determining the sufficiency of evidence, we find the evidence in this case sufficient to sustain defendant’s conviction. Cf. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
ASSIGNMENT OF ERROR
As his only assignment of error defendant challenges the constitutionality of the mandatory life sentence which must be imposed upon a defendant convicted of distribution of heroin. Defendant’s entire argument on this issue follows:
ARGUMENT
The Louisiana Supreme Court has consistently held valid the statute involved in the case at bar. The defendant, however, maintains that unless a statute serves a legitimate societal purpose, and that unless the penalty corresponds to similar penalties imposed for the same crime by other states, then it must allow judicial discretion in sentencing or it is violative of the eighth amendment ban on cruel and unusual punishments.
This pro forma appeal is made solely to allow the defendant to proceed immediately in federal court contesting the validity of the statute.
*407 In this state a person convicted of distribution of heroin “shall be sentenced to life imprisonment at hard labor without benefit of probation, or suspension of sentence, and may, in addition, be required to pay a fine of not more than fifteen thousand dollars.” La.R.S. 40:966(B)(1). The benefits of sentence commutation and parole are available under certain limited circumstances. See La. Const, of 1974 Art. 4, Section 5(E) and La.R.S.15:574.4.
Prior to 1977 La.R.S. 40:966 was silent as to an offender’s eligibility for probation, parole and suspension of sentence. In 1977, the Louisiana legislature amended the statute eliminating the availability of probation and suspension of sentence. The statute as it existed prior to 1977 was held valid, that is, not imposing cruel and unusual punishment. State v. Stetson, 317 So.2d 172 (La.1975). State v. Whitehurst, 319 So.2d 907 (La.1975); State v. Hopkins, 351 So.2d 474 (La.1977); State v. Mallery, 364 So.2d 1283 (La.1978); State v. Terrebonne, 364 So.2d 1290 (La.1978); State v. Sykes, 364 So.2d 1293 (La.1978). We have found no cases where the statute as amended, as it applied in this case, was challenged.
Defendant has not requested that his sentence be reviewed as excessive, but has chosen to attack the statute on its face. Our inquiry, therefore, is directed to a determination of whether the penalty provided for in the statute is grossly disproportionate to the offense of heroin distribution.
The Louisiana Supreme Court has termed narcotics distribution a pernicious evil which affects not only the addict, but through him the rest of society, and considers it a “grave offense of the highest rank.” State v. Terrebonne, supra. Even in dissenting in State v. Mallery, supra, Justice Tate articulated that “[t]he commercial distribution of heroin is a vicious social evil in the degradation of human lives and in the other crimes spawned by its addicts who acquire the addiction.” He went on to argue that severe penalties “are justified by the legislative purpose to deter similar offenses and to punish such perpetrators of serious social evil.” 364 So.2d 1288.
Although no sentence is per se constitutional, a reviewing court must grant substantial deference to legislative choices reflected in a state’s penal laws. Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
We have found no instance where either the United States Supreme Court or the Louisiana Supreme Court has declared life imprisonment as such unconstitutional, that is, cruel and unusual punishment whenever imposed. In Louisiana, persons convicted of second degree murder, aggravated rape, and aggravated kidnapping are mandatorily sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The mandatory sentence for distribution of heroin is life imprisonment at hard labor without benefit of probation or suspension of sentence. Comparing those crimes for which life imprisonment is mandatory the court in State v. Mattery, supra, stated, “It is no defense to this prosecution that distribution of drugs is not a violent crime and consequently punishment for this offense should not be on a par with second degree murder and aggravated kidnapping. Assuming the punishments are equal, traffic in narcotics is an insidious crime which, although not necessarily violent, is surely as grave. Indeed, the effect upon society of drug traffic is pernicious and far-reaching. For each transaction in drugs breeds another and in the case of heroin the degeneracy of the victim is virtually irreversible. Compared to the effect of drug traffic on society, isolated violent crimes may well be considered the lesser of the two evils.” 364 So.2d at 1285.
In 1977 the legislature responded to the continued pervasive degeneration of society which results from narcotics trafficking by eliminating the availability of probation and suspension of sentence from the penalty provision for heroin distribution. The reasoning employed by the Louisiana Supreme Court in the above cited cases *408 remains persuasive. We find that the mandatory penalty for heroin distribution of life imprisonment at hard labor without benefit of probation or suspension of sentence, is not cruel, unusual or excessive, and is not disproportionate to the crime involved. Defendant’s assignment of error is without merit.
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. At the time of this trial, Donald Wolf was the defendant in two extant prosecutions. One month prior to this trial, Donald Wolf had been declared incompetent to stand trial.