606 So.2d 585 (1992)
STATE of Louisiana
v.
Stanley COLLINS.
No. 92-KA-490.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1992.
John M. Mamoulides, Dist. Atty., 24th Judicial Dist., Gretna, for plaintiff/appellee.
Ginger Berrigan, Jefferson Parish, Indigent Defender Bd., Gretna, for defendant/appellant.
Before GAUDIN, DUFRESNE, and WICKER, JJ.
WICKER, Judge.
Stanley Collins was found guilty as charged by a jury in violation of La.R.S. 40:979 and La.R.S. 40:967A, attempted distribution of cocaine. The trial judge sentenced him to five years at hard labor with credit for time served. The sole issue raised by Collins on appeal is the alleged excessiveness of the sentence and reported failure of the trial judge to justify the sentence. We affirm.
The defendant contends the trial court failed to consider the sentencing guidelines and imposed an excessive sentence; however, the defendant is precluded from raising these issues on appeal since he failed to file a motion to reconsider sentence. La. C.Cr.P. art. 881.1(D). That article became effective January 30, 1992. This defendant was sentenced March 20, 1992. Thus, the article applies. It provides:
Art. 881.1. Motion to reconsider sentence
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider *586 sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
We have also examined the record for errors patent and have found none. Accordingly, the conviction and sentence are affirmed.
AFFIRMED.