613 So.2d 1134 (1993)
STATE of Louisiana
v.
Fred HUTSON.
No. 92-KA-835.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1993.
*1135 John M. Mamoulides, Dist. Atty., Howat Peters, Leigh Anne Wall, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Ginger Berrigan, Indigent Defender Program, Gretna, for defendant-appellant.
Before GAUDIN, DUFRESNE, and GOTHARD, JJ.
GAUDIN, Judge.
Fred Hutson was convicted of distribution of marijuana, LSA-R.S. 40:966A(1), by a jury in the 24th Judicial District Court. On appeal, he assigns these errors:
(1) the trial judge allowed inadmissible evidence of other crimes, and
(2) the sentence of five years at hard labor, with credit for time served, was excessive.
Finding no merit in either allegation, we affirm Hutson's conviction and sentence.

ASSIGNMENT NO. 1
On May 30, 1991, police officer Corey Wilson was working as an undercover narcotics agent. Wilson and another person arrived at a residence on North Starret Road in Metairie, Louisiana at approximately 1:15 p.m. A female allowed them inside, where Wilson was introduced to Hutson, who was playing the drums and who was introduced as Fred.
Wilson asked for a half ounce of marijuana and Hutson replied, "No problem". Hutson and Wilson went to the kitchen where Hutson extracted a scale and large bundle of green vegetable material from a duffle bag. Wilson paid $180.00 for the marijuana.
At trial, Wilson testified about his purchase. He also said that several days after May 30, 1991, he again spoke with Hutson about additional marijuana sales. Hutson, according to Wilson, stated that he didn't have any marijuana at that time but that he expected another shipment. In this assignment of error, Hutson contends that this testimony by Wilson constituted evidence of other crimes and that a notice was required in accord with State v. Prieur, 277 So.2d 126 (La.1973).
The testimony complained of was properly admitted for several reasons. The testimony does not refer to a violation of a specific criminal statute. Wilson did not indicate that a narcotics transaction occurred after this conversation or that any other contact was made with defendant; thus, the state did not offer evidence of another crime and was not required to give notice of this testimony. See State v. Landry, 502 So.2d 281 (La.App. 3 Cir.1987), writs denied at 508 So.2d 63 (La.1987), wherein the court said at page 289:
"In this case, the testimony complained of does not show a violation of a criminal statute. Accordingly, the State did not offer evidence of another crime and therefore was not required to give notice to defendant."
The objected-to testimony was also admissible for a substantially relevant purpose, to show identity. Because defendant presented an alibi defense, identity was a primary issue at trial. This testimony bolstered Wilson's identification of the defendant.
The state also contends that Wilson's final conversation with Hutson was part of the res gestae. We do not necessarily agree with this; however, as the testimony was admissible for other reasons, we do not have to rule on the res gestae possibility.

ASSIGNMENT NO. 2
Hutson believes that his five year sentence of imprisonment was excessive and that the trial judge should have suspended his sentence and given him probation.
The sentencing exposure for a conviction of distribution of marijuana is a term of imprisonment of not less than five years *1136 nor more than thirty years and the imposition of a fine of not more than $15,000. See LSA-R.S. 40:966B(2).
In sentencing defendant to the minimum term of imprisonment, the trial judge stated:
"Yes, sir, I have taken into consideration that Mr. Hutson has no previous convictions. I've taken into consideration the testimony and the evidence that came out at trial, that the undercover purchased this narcotics not on the street on a hand-to-hand sale, but in his home where his minor children lived with him, and that Mr. Hutson was set up with a scale to weigh the narcotics that was transferred. There was also, according to the testimony of the deputy, that there was a large quantity present in the home.
"Mr. Hutson, obviously, doesn't have the feelings for his children that you indicate should be present. He has to know that selling narcotics is illegal, and to jeopardize their welfare by engaging in an illegal activity is a disservice to them. He should apologize to his family for something like that.
"Considering that this is his first offense, I have indicated that I was going to impose the minimum sentence. However, this is a very serious sentence for distribution of narcotics, as the legislature has so established by the act under which he was convicted. Accordingly, it is the sentence of this court that Mr. Hutson serve five years at hard labor with the Department of Corrections, to be given credit for time served, and I'll remand him to the custody of the Department of Corrections for execution of the sentence."
One of appellant's prime arguments concerning the alleged excessive sentence is that he has three young children. This, however, was one of the reasons why the trial judge imposed a jail sentence rather than probation.
We cannot say the sentence was excessive, considering the trial judge's reasons. We further note that Hutson is precluded from raising this issue on appeal because he failed to file a motion to reconsider his sentence as required by LSA-C.Cr.P. art. 881.1. Hutson was sentenced on March 24, 1992, which was after February 1, 1992, the effective date of 1991 La. Act No. 38, Sec. 1, establishing Article 881.1. That article provides:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
In two recent decisions of this court, defendants who failed to file a motion to reconsider sentence were precluded from raising issues regarding their sentences. See State v. Collins, 606 So.2d 585 (La. App. 5 Cir.1992) and State v. Carter, 609 So.2d 261 (La.App. 5 Cir.1992).
AFFIRMED.