jiGAUDIN, Judge.
Tyrone Allen was convicted of the second degree murder of Adiner McGee on September 23, 1991 in Bridge City, Louisiana. The jury’s verdict was unanimous.
On appeal, Allen contends that the evidence was insufficient to support the guilty verdict. We affirm.
According to Allen’s trial testimony, he and McGee were standing together and talking when he noticed Aaron Morris approaching and armed with a pistol. Allen said that he pulled out a .25 caliber pistol he was carrying on his person and that McGee grabbed his (Allen’s) hand to prevent him from firing.
As he and McGee struggled, Allen stated, his pistol “went off.” Allen said, that Morris started shooting at him and he (Allen) ran away. Allen told investigating police officers that he wasn’t sure whether he or Morris shot McGee.
Morris’ version of the shooting completely differed from Allen’s. Morris testified that he was inside a nearby residence when he heard Allen and McGee arguing in the street. After hearing gunshots, Morris said that he obtained a 9 mm 12gun from under a sofa and went outside; there, he saw Allen squatting over McGee holding a pistol in his hand.
•Morris said that after Allen pointed his pistol at him, he (Morris) ran toward Allen, who fled. Morris stated that he fired at Allen but did not hit him.
*264 Larry Sims testified that he saw Allen drag McGee by her hair and then strike her in the head with his pistol, knocking her down. As McGee pled for her life, Sims said, Allen leaned over the victim, pointed his pistol at her head and fired three times. Sims then saw Morris, carrying a gun, run toward Allen. Sims said that Morris fired about four shots at Allen as he ran off.
Another witness, Wadelle Mitchell, said that he was in his house when he heard Allen and McGee arguing. After hearing gunshots, Mitchell said he ran outside and saw Allen standing over McGee’s motionless body.
Dr. Susan Garcia, a forensic pathologist who performed the autopsy, testified that McGee had three bullet wounds, two in her head and a third in her neck. The cause of death, Dr. Garcia said, was one of the head wounds called a contact wound, which occurs when “... the end of the muzzle of a gun is pressed against the skin such that a seal is made between the skin and the end of the muzzle to the point where the muzzle is actually pushed into the skin.”
Dr. Garcia also said that McGee had abrasions on her knees and forehead. Photographs in evidence substantiate Dr. Garcia’s testimony and observations.
A forensic firearms examiner, Louise Wal-zar, testified that the fatal projectile removed from McGee’s brain had the characteristics of a .25 caliber bullet. The bullet split into two pieces while being handled. The four .25 caliber casings recovered from the murder scene were manufactured by Winchester and were fired from the same weapon, apparently Allen’s. Morris’ gun was of a different caliber.
IsAllen did produce a firearms and ammu-nitions expert, Wiley Beavers, who cast some doubt on the fact that a .25 caliber bullet had killed McGee; however, evidence establishing proof that Allen’s pistol had fired the fatal shot was overwhelming.
Second degree murder (LSA-R.S. 14:30.1) is the killing of a human being when the offender has a specific intent to kill or inflict great bodily harm. By accepting the state’s witnesses, the jury no doubt found that Allen shot and killed McGee and that appellant did have the requisite specific intent. Discharge of a firearm aimed directly at a victim is clear indication of an intent to kill or inflict great bodily harm. See State v. Robinson, 598 So.2d 407 (La.App. 5 Cir.1992).
There are no serious errors patent. Although the sentencing transcript does not give Allen credit for time served prior to trial, such allowance is mandatory.
Also, Allen was sentenced before the 24^-hour delay specified in LSA-C.Cr.P. art. 873. Following denial of Allen’s motion for post-verdict judgment of acquittal, defense counsel advised the trial judge that he and Allen were ready for sentencing; thus, the statutory delay was waived.
AFFIRMED.