708 So.2d 1086 (1998)
STATE of Louisiana
v.
Bradley WILLIAMS.
No. 97-KA-970.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 1998.
Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Assistant District Attorney, Gretna, for Plaintiff/Appellee.
Frank Sloan, Louisiana Appellate Project, Covington, for Defendant/Appellant.
*1087 Before GAUDIN, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
The defendant, Bradley Williams, was charged by grand jury indictment with distribution of heroin in violation of LSA-R.S. 40:966(A).[1] Following a trial by a jury of twelve, the defendant was found guilty as charged. Subsequently, the defendant filed a motion for post-verdict judgment of acquittal alleging that the evidence at trial did not support the jury's verdict. After denying the motion, the trial court sentenced the defendant to the mandatory term of life imprisonment at hard labor, without benefit of probation or suspension of sentence. Additionally, the court ordered that the defendant be given credit for time served.
On appeal, the defendant raises three assignments of error concerning excessive sentence, ineffective assistance of counsel and the court's failure to observe the sentencing delays provided in LSA-C.Cr.P. art. 873. For the following reasons, we affirm the defendant's conviction and sentence.

FACTS
For several months during 1995, the Gretna Police Department conducted an extensive undercover narcotics operation targeting street level dealers. Sergeant Linda Taylor of the Westwego Police Department participated in the operation. She was supervised by Detective Claude Koenig of the Gretna Police Department's Narcotics Division. On designated days, Sgt. Taylor met with Det. Koenig at a pre-arranged location. Det. Koenig supplied her with currency with which to purchase drugs, an unmarked police vehicle, and audio and video taping equipment. Det. Koenig also instructed Sgt. Taylor as to what areas she should target, and Det. Koenig along with his partner, Detective Eric Covell, monitored Sgt. Taylor's activities to ensure her safety by following at a "safe distance."
On April 13, 1995, at 12:50 p.m., Sgt. Taylor was driving on Romain Street, accompanied by a confidential informant, when the informant noticed the defendant, Bradley Williams, following behind them. Sgt. Taylor stopped her vehicle, and the informant motioned to the defendant who then exited his vehicle, approached the passenger side of Sgt. Taylor's vehicle, and began conversing with the informant. The defendant later approached the driver's side of the vehicle and asked Sgt. Taylor if she wanted to buy some heroin. Sgt. Taylor responded affirmatively, and after a brief negotiation regarding the purchase price, Sgt. Taylor purchased two small foil packets of heroin from the defendant for $30.00. The transaction was recorded on an audio tape, and the recording was admitted into evidence at trial.
Following the transaction, Sgt. Taylor met with Det. Koenig at a pre-arranged location and gave him the packets of heroin. Based on the information Sgt. Taylor gave him, Det. Koenig compiled a photographic lineup. On April 20, 1995, Det. Koenig showed the lineup to Sgt. Taylor, and she identified the defendant as the man from whom she had purchased the heroin. Det. Keonig obtained a warrant for the defendant's arrest, and the warrant was executed after the undercover operation was completed.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment, the defendant contends that the imposition of a life sentence for the distribution of $30.00 worth of heroin to an undercover police officer constitutes an excessive sentence. Initially, we note that the defendant is procedurally barred from challenging his sentence pursuant to LSA-C.Cr.P. art. 881.1.
Article 881.1 provides:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.

*1088 B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
In following the provisions of LSA-C.Cr.P. art. 881.1, this Court has found that defendants who fail to file the proper motion to reconsider sentence are precluded from raising on appeal issues regarding their sentences. State v. Holmes, 94-907 (La.App. 5 Cir. 3/15/95), 653 So.2d 642; State v. Hutson, 613 So.2d 1134 (La.App. 5 Cir.1993); State v. Carter, 609 So.2d 261 (La.App. 5 Cir.1992).
In the instant case the defendant did not file the required motion to reconsider sentence nor did he object to the sentence at the time of sentencing. However, in an abundance of caution, we will address the issue of constitutional excessiveness. See State v. Jackson, 96-661 (La.App. 5 Cir. 4/9/97), 694 So.2d 440, writs denied, 97-1050 (La.10/13/97), 703 So.2d 609, and 97-1255 (La.10/13/97), 703 So.2d 612.
A sentence violates Article I, Section 20 of the Louisiana Constitution of 1974 if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it shocks the sense of justice. State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973.
It is a well established principle that the legislature has the unique responsibility to define criminal conduct and to provide for the penalties to be imposed against persons engaged in such conduct. The penalties provided by the legislature reflect the degree to which the criminal conduct affronts society. Courts must apply these penalties unless they are found to be unconstitutional. State v. Baxley, supra.
A person convicted of distribution of heroin "shall be sentenced to life imprisonment at hard labor without benefit of probation, or suspension of sentence, and may, in addition, be required to pay a fine of not more than fifty thousand dollars." LSA-R.S. 40:966(B)(1).
Prior to 1977, LSA-R.S. 40:966 was silent as to an offender's eligibility for probation, parole and suspension of sentence. In 1977, the legislature amended the statute eliminating the availability of probation and suspension of sentence. The statute as it existed prior to 1977 was held valid, that is, not imposing cruel and unusual punishment. State v. Sykes, 364 So.2d 1293 (La.1978); State v. Terrebonne, 364 So.2d 1290 (La. 1978); State v. Mallery, 364 So.2d 1283 (La. 1978), cert. denied, 442 U.S. 940, 99 S.Ct. 2881, 61 L.Ed.2d 310 (1979); State v. Hopkins, 351 So.2d 474 (La.1977); State v. Whitehurst, 319 So.2d 907 (La.1975); State v. Stetson, 317 So.2d 172 (La.1975). Subsequently, the amended version of the statute was also held to be constitutionally valid. State v. Shields, 454 So.2d 405 (La.App. 4 Cir.1984). See also, State v. Frey, 568 So.2d 576 (La.App. 4 Cir.1990), writ denied, 573 So.2d 1118 (La.1991).
Additionally, in State v. Mallery, supra, the court rejected a claim that the mandatory life sentence for distribution of heroin imposed upon a 25-year old heroin addicted defendant, who had no previous convictions and who had engaged in a single act of distribution, was excessive.
In light of the foregoing jurisprudence and in particular State v. Mallery, supra, we find that the defendant's sentence is not constitutionally excessive. Accordingly, this assignment lacks merit.

*1089 ASSIGNMENT OF ERROR NUMBER TWO

By this assignment, the defendant contends that he was denied the effective assistance of counsel. Specifically, he complains that his defense counsel was ineffective in failing to object to the sentence imposed, and in failing to file a motion to reconsider sentence. The defendant argues that these omissions by defense counsel prejudiced him by depriving him of his right to appellate review of his sentence.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffective assistance of counsel, a two-pronged test is employed. The defendant must show that (1) his counsel's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, writs denied, 94-0475 (La.4/4/94), 637 So.2d 450 and 94-1361 (La.11/4/94), 644 So.2d 1055. To show prejudice, the defendant must demonstrate that, but for the unprofessional conduct, the outcome of the proceedings would have been different. Only if the defendant has shown both error and prejudice will his conviction be found unreliable and set aside. State v. Soler, supra
Considering that we have reviewed the defendant's sentence, we find that the defendant was not prejudiced by defense counsel's failure to object to the sentence and his failure to file a motion to reconsider sentence. Accordingly, this assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER THREE
By this assignment, the defendant contends that the trial court erred in failing to observe the 24-hour delay between the denial of his motion for post-verdict judgment of acquittal and sentencing as required by LSA-C.Cr.P. art. 873.
LSA-C.Cr.P. art. 873 requires a 24-hour delay in sentencing after denial of a motion for new trial or in arrest of judgment, unless the defendant waives said delays. The article does not explicitly require a 24-hour delay in sentencing after a motion for a post verdict judgment of acquittal has been denied. However, this Court has applied the 24-hour delay in LSA-C.Cr.P. art. 873 to motions for post verdict judgment of acquittal. See State v. Allen, 93-844 (La.App. 5 Cir. 5/11/94), 638 So.2d 263 and State v. Francis, 93-953 (La.App. 5 Cir. 3/16/94), 635 So.2d 305.
In State v. Augustine, 555 So.2d 1331 (La. 1990), the Louisiana Supreme Court held that failure to observe 24-hour delay voided the defendant's sentence if the defendant attacks his sentence, even though he fails to specifically allege this failure as an error on appeal. However, the mandatory nature of the life sentence distinguishes this case from State v. Augustine, supra, where there was to be a decision by the trial court on the term of years to be imposed. See, State v. Seals, 95-0305 (La.11/25/96), 684 So.2d 368, cert. denied, ___ U.S. ___, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997), where the Louisiana Supreme Court distinguished Augustine based upon the mandatory nature of the sentence of death. Delay or no delay, the sentence the court was required to impose would have been the same. Thus, no prejudice could possibly have resulted from the failure of the court to comply with the delay. Absent a showing that prejudice resulted from the failure to afford the statutory delay, reversal of the prematurely imposed sentence is not required. State v. Seals, supra.
Because the defendant has not shown that he was prejudiced by the trial court's failure to observe the 24-hour delay in sentencing, we find that this assignment lacks merit.

ERROR PATENT DISCUSSION
Finally, we have performed an error patent review of the record pursuant to LSA-C.Cr.P. art. 920 and have found no errors patent.

CONCLUSION
For the foregoing reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] The defendant was also charged with possession of heroin in violation of LSA-R.S. 40:966(C); however, the State nolle prossequied this charge.