732 So.2d 556 (1999)
STATE of Louisiana
v.
Kevin Otto LEWIS.
No. 98-KA-672.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
*557 Laurie A. White, Louisiana Appellate Project, New Orleans, Louisiana, Attorney for Appellant.
Paul D. Connick, Jr., District Attorney, Rebecca J. Becker (Counsel of Record on Appeal), Terry Boudreaux, Donald R. Rowan, Jr., Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee State of Louisiana.
Panel composed of Judges CHARLES GRISBAUM, Jr., MARION F. EDWARDS and SUSAN M. CHEHARDY.
CHEHARDY, Judge.

STATEMENT OF THE CASE
On August 21, 1997, defendant, Kevin Lewis, was indicted in Jefferson Parish on one count of aggravated rape in violation of La. R.S. 14:42, one count of aggravated crime against nature in violation of La. R.S. 14:89.1, and one count of aggravated burglary in violation of La. R.S. 14:60. Defendant plead not guilty at his arraignment. On February 17, 1998, defendant was tried before a twelve person jury. At the conclusion of trial, the jury returned a verdict of guilty as charged to all three counts. On March 25, 1998, the trial court sentenced defendant to life imprisonment at hard labor on the charge of aggravated rape, ten years imprisonment at hard labor on the charge of aggravated crime against nature, and twenty years at hard labor on the charge of aggravated burglary, all sentences to run concurrently. Additionally, the defendant's life sentence on the charge of aggravated rape and ten year sentence on the charge of aggravated crime against nature were ordered to be served without benefit of probation, parole, or suspension of sentence.

FACTS
The incident that gives rise to this prosecution occurred at the home of the victim on the afternoon of June 3, 1997. The victim testified at trial that she was at home after work when she heard a knock at her door. When the victim went to the door and looked out, she saw a bicycle and thought that the person at the door might be a child selling newspapers. The victim opened the door to discover that it was defendant. The victim knew defendant because they had dated several years prior to the incident and again for a short time approximately one year before the incident.
*558 The victim testified that defendant forced his way into her home and demanded a glass of water before he would leave. After taking the glass of water, defendant physically forced the victim toward her bedroom, pushing and then dragging her down the hallway. The victim pleaded with defendant to leave and tried to get away from him, but defendant overpowered the victim.
The victim further testified that once inside the bedroom, defendant began to rip the victim's clothing off, tearing her blouse and bra. The victim fought and screamed for defendant to let her go. As a result of the victim's screams, defendant choked the victim several times, to the point that she could not breathe. Defendant then forced the victim to perform oral sex on him. The victim resisted and bit defendant. Defendant then raped the victim both vaginally and anally.
The victim testified that after she was raped, defendant bound her wrists and ankles with strips of a sheet he tore from the victim's bed, and then tied the victim's bound wrists to her bound ankles behind her back. Defendant emptied the victim's purse on her bed and took her car keys and money. Defendant then put the victim in her closet. Defendant fled the scene in the victim's vehicle.
The victim was able to open her closet door by using her teeth to pull on a dress hanging from the door knob in the closet. The victim then rolled from the bedroom to the front of the house where she opened the blinds with her teeth and yelled for help. The victim unlocked the front door with her teeth and let in her neighbors who untied her. The police were called. The victim was transported to Lakeside Hospital where a rape examination was performed.
In his testimony at trial, defendant claimed that he went to the victim's house on the day of the incident because the victim had previously invited him over. Defendant admitted having sex with the victim, but claimed that the sex was consensual. Defendant also admitted tying up the victim after the encounter and putting her in her closet. Defendant claimed that he tied her up because, when he asked to borrow her car, she agreed, but he was afraid by her tone that she would call the police and report the car stolen.

DISCUSSION
In defendant's first assignment of error, defendant complains that the state did not present sufficient evidence at trial to support the guilty verdicts for the three charges against him. The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5 Cir. 1990), writ denied, 569 So.2d 968 (La. 1990).
With regards to the first charge, aggravated rape, the state presented evidence at trial to show that defendant committed aggravated rape because the victim did not consent and that she resisted to the utmost, but that her resistance was overcome by force; or that the victim was prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution. La. R.S. 14:41 and 14:42. The victim in this case testified that she fought with defendant as he pushed and dragged her down the hallway toward her bedroom. The victim also testified that she attempted to fight off defendant's advances and get away from defendant, and that she tried to scratch him. The victim further testified that she screamed and that defendant choked her with such force that she could not breathe. The victim also testified that she was afraid for her life and thought defendant would kill her. As a *559 result of the incident, the victim sustained bruises on her neck, wrists, feet and shoulders, which corroborate the victim's testimony that the encounter with defendant was not consensual and indicate that the victim's resistance was overcome by force.
With regards to the second charge, aggravated crime against nature, the state presented evidence at trial that defendant committed aggravated crime against nature because the victim did not consent to the forced oral sex and that she resisted to the utmost, but that her resistance was overcome by force; or that the victim was prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution. La. R.S. 14:89 and 14:89.1.
The Louisiana Supreme Court has held that unnatural carnal copulation includes oral-genital contact between a defendant and a victim. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442; State v. Phillips, 365 So.2d 1304, 1308 (La.1978). As discussed above, the victim testified that defendant used force during the incident. In addition to this testimony, the victim testified that defendant forced his penis into her mouth and she bit him to the point of drawing blood. In response to the biting, the victim testified that defendant pulled the victim's hair. As also discussed above, as a result of the attack, the victim sustained bruising to various parts of her body, and after she screamed for help, she was choked by defendant with such force that she could not breathe.
Upon review, it is clear from the record that the jury was presented with sufficient testimony and evidence at trial which showed that the victim resisted these acts (aggravated rape and aggravated crime against nature) to the utmost, but was overcome by force, and/or that the victim was prevented from resisting by defendant's threats and acts of great and immediate bodily harm, accompanied by apparent power of execution.
With regards to the third charge, aggravated burglary, defendant claims that the state failed to produce sufficient evidence at trial to prove, pursuant to La. R.S. 14:60, that defendant entered the victim's home without authorization, that he entered with the intent to commit a felony or theft therein, and that he committed a battery while there. We disagree. At trial, the victim testified that defendant forced his way into her house when she opened the door and asked defendant to leave. This testimony was corroborated by the testimony of the victim's neighbor, who lives across the street and who testified at trial that he saw defendant arrive at the victim's house. The neighbor testified that he saw the victim and defendant engage in a "little tussle" when the victim opened the door and that the victim was trying to shove defendant back.
With regards to defendant's intent upon entering, the intent required under La. R.S. 14:60, aggravated burglary, is specific intent. State v. Bourque, 96-0842 (La.7/1/97), 699 So.2d 1. Specific intent is defined as "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La. R.S. 14:10(1). Specific intent is a state of mind and, as such, need not be proven as a fact but may be inferred from the circumstances and actions of the accused. State v. Graham, 420 So.2d 1126, 1127 (La.1982). The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of the correctness of this determination is to be guided by the Jackson standard. State v. Huizar, 414 So.2d 741, 751 (La.1982).
In the present case, the victim testified that within moments of entering her home, defendant physically forced her into her bedroom. The victim also testified that defendant pushed and shoved her, choked her, physically forced her to perform oral sex on him and raped her. The victim further testified that after raping her, defendant *560 bound her wrists behind her back, bound her feet and then tied her hands and feet together, so that she could not move. Upon review, it is clear from the record that the state presented sufficient evidence at trial which showed that defendant committed aggravated burglary pursuant to La. R.S. 14:60.
While defendant told the jury a completely different version of what happened at trial, it is well settled that when the trier of fact is presented with conflicting testimony, the determination of the facts rests solely with the trier of fact, the jury, which may accept or reject, in whole or in part, the testimony of any witness. State v. Jiron, 96-319 (La.App. 5 Cir.10/1/96), 683 So.2d 769, 771; State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983). Furthermore, it is not the function of the appellate court to assess the credibility of witnesses or reweigh the evidence. State v. Styles, 96-897 (La.App. 5 Cir.3/25/97), 692 So.2d 1222, 1233; State ex rel. Graffagnino v. King, supra, 436 So.2d at 563.
In this case, the jury found defendant guilty as charged to all three counts. By finding defendant guilty, the jury discounted defendant's testimony and determined that the testimony and evidence presented by the state was sufficient to establish, beyond a reasonable doubt, that defendant committed aggravated rape, aggravated crime against nature, and aggravated burglary. After a thorough review of the record, and viewing the evidence in the light most favorable to the prosecution, we find that there was sufficient proof at the trial herein for any rational trier of fact to find defendant guilty beyond a reasonable doubt of aggravated rape, aggravated crime against nature, and aggravated burglary.
In defendant's second assignment of error, defendant alleges he was denied effective assistance of counsel because his trial counsel failed to file a motion to reconsider sentence, thereby precluding him from raising an excessive sentence claim on appeal, and, in this same assignment, defendant raises an excessive sentence claim. This Court has previously held that pursuant to La.C.Cr.P. art. 881.1, a defendant who fails to file the proper motion to reconsider sentence in the trial court is precluded from raising sentencing issues on appeal. State v. Williams, 97-970 (La. App. 5 Cir.1/27/98), 708 So.2d 1086; State v. Holmes, 94-907 (La.App. 5 Cir.3/15/95), 653 So.2d 642; State v. Hutson, 613 So.2d 1134 (La.App. 5 Cir.1993). However, under certain circumstances, we have reviewed sentences for constitutional excessiveness when a defendant has failed to file a motion to reconsider sentence. State v. Williams, supra; State v. Jackson, 96-661 (La.App. 5 Cir.4/9/97), 694 So.2d 440, writs denied, 97-1050 (La.10/13/97), 703 So.2d 609, and 97-1255 (La.10/13/97), 703 So.2d 612.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La. 1992); State v. Munoz, 575 So.2d 848 (La. App. 5 Cir.1991), writ denied, 577 So.2d 1009 (La.1991).
We have previously held that the mandatory life sentence for aggravated rape is a valid exercise of the legislature's prerogative to determine the length of sentence for crimes classified as felonies. State v. Brown, 524 So.2d 264 (La.App. 5 Cir.1988). We have further held that a mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence for the conviction of aggravated rape is not a constitutionally excessive sentence. Id.
In State v. Lamark, 584 So.2d 686 (La. App. 1 Cir.1991), writ denied, 586 So.2d 566 (La.1991), a sentence of fifteen years without benefit of parole, probation, or suspension of sentence for a conviction of one count of aggravated crime against nature *561 was affirmed on appeal. In State v. Washington, 95-771 (La.App. 5 Cir.2/14/96), 670 So.2d 1255, we held that a sentence of thirty years for a defendant convicted of aggravated burglary was not constitutionally excessive.
In this case, defendant received a sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence on the aggravated rape conviction. Pursuant to La. R.S. 14:42 D, there is no sentencing range; a life sentence is mandatory. Defendant also received a sentence of ten years imprisonment without benefit of parole, probation or suspension of sentence on the aggravated crime against nature conviction. Pursuant to La. R.S. 14:89.1 B, the sentencing range is between three and fifteen years. Finally, defendant received a sentence of twenty years imprisonment at hard labor on the aggravated burglary conviction. Pursuant to La. R.S. 14:60, the sentencing range is between one and thirty years.
It is well settled that the trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside as excessive absent manifest abuse of that broad discretion. State v. Styles, supra, at 1234, citing State v. Lanclos, 419 So.2d 475 (La.1982) and State v. Riche, 608 So.2d 639 (La.App. 5 Cir.1992), writ denied, 613 So.2d 972 (La. 1993).
Upon review, it is clear that the three sentences are well within the statutory limits. In fact, the life sentence on the aggravated rape conviction is statutorily-mandated. Further, the sentences were ordered to run concurrently. Reviewing the sentences in this case in light of the statutory limits, as well as defendant's reprehensible actions, we find that the sentences imposed are not constitutionally excessive.
In addition to defendant's claim that the sentences imposed are constitutionally excessive, defendant claims that his trial counsel was ineffective because he failed to file a motion to reconsider sentence. Since we have reviewed defendant's sentences for constitutional excessiveness in this matter, defendant was not prejudiced by his trial counsel's failure to file a motion to reconsider sentence. See State v. Williams, supra. Therefore, there is no valid claim for ineffective assistance of counsel.
In defendant's third assignment of error, he requests a review of the record for errors patent. Pursuant to La.C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975), an errors patent review was performed.
La.C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. The trial court in this case did not so inform defendant. The trial court is therefore ordered to send written notice of the prescriptive period to defendant within ten days of the rendering of this Court's opinion, then file written proof in the record that defendant received such notice. See State v. Kershaw, 94-141 (La.App. 5 Cir.9/14/94), 643 So.2d 1289.
For the foregoing reasons, we affirm defendant's convictions and sentences. This matter is remanded to the district court for further action consistent with this opinion.
AFFIRMED; REMANDED.