762 So.2d 1279 (2000)
STATE of Louisiana
v.
Donnell CHESS.
No. 00-KA-163.
Court of Appeal of Louisiana, Fifth Circuit.
June 27, 2000.
*1280 Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry Boudreaux, Joan Benge, Robert Odinet, Assistant District Attorneys, Gretna, Louisiana, Counsel for the State of Louisiana.
J. Rodney Baum, Baton Rouge, Louisiana, Counsel for appellant.
Court composed of Judges CHARLES GRISBAUM, Jr., MARION F. EDWARDS and CLARENCE E. McMANUS.
McMANUS, Judge.
In this matter, defendant, Donnell Chess, appeals his conviction of having been a felon in possession of a weapon, in violation of LSA-R.S. 14:95.1. As we have found no error in the proceedings below, we affirm the conviction and sentence.

STATEMENT OF THE CASE
On September 9th, 1998, the Jefferson Parish District Attorney filed a bill of information charging defendant, Donnell Chess, with one count of possession of a *1281 firearm by a convicted felon in violation of LSA-R.S. 14:95.1. In a companion case arising from the same incident, the Jefferson Parish District Attorney filed a separate bill of information charging defendant, Donnell Chess, with two counts of battery of a police officer in violation of LSA-R.S. 14:34.2.[1] At his arraignment on September 16th, 1998, defendant pled not guilty.
On June 23rd, 1999, a 12-member jury was selected. On June 24th, 1999, trial was held.[2] At the conclusion of the trial, the jury returned a verdict of guilty as charged.
On July 15th, 1999, the trial court sentenced defendant to imprisonment at hard labor for a term of 15 years without benefit of parole, probation, or suspension of sentence and fined defendant $5,000.00. Defendant made an oral motion for appeal at the time of conviction. Defendant then filed a written motion for appeal on August 24th, 1999.[3]
Defendant presents the following assignments of error:
1. the court failed to state sufficient reasons for the sentence imposed in the case;
2. the court failed to advise Donnell Chess of the time delays for his appeal and any application for post conviction relief;
3. defense counsel was ineffective for failing to make a motion for reconsideration of sentence and thereby preserving sentencing issues for appeal.

FACTS
This case arises out of a traffic stop that was made on August 18th, 1998, in the South Causeway area of Jefferson Parish. At trial, the State called Deputy Eddie Klein of the Street Crimes Unit of the Jefferson Parish Sheriff's Office. On August 18th, 1998, Deputy Klein and his partner were on patrol in the South Causeway area. Klein noticed a red Pontiac Sunbird, which appeared to have an expired license plate.
As the deputies followed the car, the driver rolled through a stop sign. The deputies then turned on their light and sirens in an attempt to pull the Sunbird over. Deputy Klein testified that the driver of the Sunbird, whom he identified as Joseph Weed, did not stop and instead began accelerating as the car traveled down Causeway toward Jefferson Highway.[4] The deputies gave chase.
Klein testified that the driver of the Sunbird attempted to turn from Causeway onto Andover Street and lost control of the car. The Sunbird crashed into a fence and a house. At this point, the driver, Weed, exited the car. Klein testified that Weed was followed out of the car by defendant, who was riding in the passenger seat of the Sunbird. After they exited the Sunbird, Weed and defendant began to run down the alleyway beside the house where the Sunbird came to rest.
Klein testified that he got out of his unit and gave chase down the alley. Klein was followed by his partner, Deputy Lehrman.
Klein testified that Weed was first down the alley followed by defendant. As Klein was giving chase, defendant reached into his waistband and pulled out a handgun. Defendant then dropped the gun on the ground and continued to run. Klein testified that, at this point, he began to scream, "gun, gun, gun!" to alert the officers behind him. Klein continued to chase the *1282 two men down the alley. At one point, the two suspects spilt and ran in opposite directions. Klein continued to chase defendant.
Klein testified that he chased defendant through several yards and was able to catch him. Once Klein caught defendant, defendant began to fight with Deputy Klein and Deputy Roth, who was assisting Klein. Defendant was eventually subdued and placed under arrest.
The State also called Deputy Jeffrey Lehrman, who was riding with Deputy Klein on August 18th, 1998. He also testified that they saw a Sunbird with an expired license plate run a stop sign. The driver of the Sunbird did not stop and attempted to flee. The deputies gave chase and the Sunbird crashed after attempting to make a turn.
Lehrman testified that the occupants of the car got out of the crashed Sunbird and began to flee. Lehrman testified that the driver, whom he identified as Weed, was the first to exit the car and he was followed by the defendant who was the passenger.
Lehrman testified that he followed Klein as he chased the suspects down the alley. Lehrman testified that he heard Klein yelling, "gun!" and then heard a gun hit the ground. Lehrman stopped chasing the suspects and secured the weapon. Lehrman testified that he did not see who discarded the weapon.
The State then presented the testimony of Deputy Brandon Dutreix of the Street Crimes Unit who was on patrol on August 18th, 1998, with his partner Matthew Roth. Dutreix and his partner arrived at the scene where the Sunbird came to rest. Dutreix saw the occupants get out of the car and flee. Dutreix testified that he chased Weed but lost sight of him. He also received a radio call that Deputy Klein needed assistance, so he stopped following Weed to assist Klein.
The final State witness was Matthew Roth. He testified that he was on patrol as part of the Street Crimes Unit on August 18th, 1998. While on patrol, a radio call went out advising that there was a pursuit of a car that refused to pull over. Roth and his partner arrived at the location contained in the radio call in time to see the occupants of the car flee. Roth and his partner joined in the foot pursuit of the suspects. Roth followed Klein as he chased defendant through several yards. Roth and Klein caught defendant and defendant fought with the officers. Defendant was eventually handcuffed.
Defendant took the stand in his own defense. Defendant testified that he was driving the car with Joseph Weed as the passenger and that the car belonged to Weed's girlfriend. Defendant testified that after the officers began to pull the car over, Weed informed him that there was a gun under the seat. Defendant then pulled away from the deputies and slammed the car into a house. Defendant exited the car and began to flee. Weed remained behind in the passenger seat.
Defendant testified that he ran through several yards, but he eventually surrendered himself by falling to the ground. Defendant denied fighting with the deputies, but testified that the deputies hit him. Defendant further testified that Weed remained in the car, where the gun was found.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues that the case should be remanded for re-sentencing because the trial court failed to articulate sufficient reasons for the sentence imposed as required under LSA-C.Cr.P. art. 894.1. The State responds that the trial court did articulate sufficient reasons for the sentence imposed, or, alternatively, argues that remand is not required even if the trial court did not articulate sufficient reasons because the record contains an adequate factual basis for the sentence imposed. *1283 We agree that the record is sufficient to support the sentence imposed.
Louisiana Code of Criminal Procedure Article 894.1C requires the trial court to create a record of the basis for the sentence imposed by requiring the court to state for the record the considerations taken into account and the factual basis therefor in imposing sentence. State v. Sanders, 98-855, at 5 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, 1279, writ denied, XXXX-XXXX (La.1/7/00), 752 So.2d 175. However, the trial judge need not state for the record consideration of each aggravating or mitigating circumstance enumerated in the sentencing guidelines, as long as the record nevertheless indicates that the judge did consider the guidelines in formulating the defendant's sentence. State v. Williams, 591 So.2d 1252, 1254 (La.App. 5 Cir.1991).
This Court has examined failures by trial courts to comply with LSA-C.Cr.P. art. 894.1 and found that if there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for re-sentencing. State v. Duhe, 98-1108, at 4 (La.App. 5 Cir. 3/30/99), 733 So.2d 648, 650, writ denied, 99-1203 (La.10/1/99), 748 So.2d 435; State v. Morris, 98-236, at 11-12 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076, 1082. In addition, a remand for more complete compliance with LSA-C.Cr.P. art. 894.1 is not required when the sentence imposed is not "apparently severe." State v. Tran, 97-640, at 13 (La.App. 5 Cir. 3/11/98), 709 So.2d 311, 318. In the present case, defendant was convicted on one count of possession of a firearm by a convicted felon and sentenced to serve 15 years at hard labor without benefit of parole, probation, or suspension of sentence and fined $5,000.00. LSA-R.S. 14:95.1B provides a sentencing range of 10 to 15 years without the benefit of probation, parole, or suspension of sentence and a mandatory fine of not less than $1,000.00 nor more than $5,000.00. Therefore, defendant was sentenced to the maximum sentence under the statute.
We must acknowledge that maximum sentences are generally reserved for cases involving the most serious violations of the offense charged and the worst type of offender. State v. Williams, 98-1146, at 22 (La.App. 5 Cir. 6/1/99), 738 So.2d 640, 655, writ denied, XXXX-XXXX (La.1/7/00), 752 So.2d 176; State v. Guzman, 95-444, at 4 (La.App. 5 Cir. 11/15/95), 665 So.2d 512, 516.
In the present case, although the trial judge did not undertake an examination of the factors set out in LSA-C.Cr.P. art. 894.1, he stated the following prior to sentencing defendant:
"Mr. Chess, you want to stand up. Okay. Mr. Chess, according to your rap sheet, you were convicted first in 1987 of possession of marijuana, and you got a six-month probation. Then you were convicted in October of '86 to attempted simple robbery, and you got two years at hard labor, suspended, and went back on probation. In 1988 you were convicted of another simple burglary. And then in August of '91 you got six years for simple burglary. So, that means you've got, like, one, two, three convictions for simple burglary and one for marijuana."
The trial court also noted the following after sentencing defendant:
The court takes into consideration particularly the fact that what the court has just given you ends up being a maximum sentence. But with four convictions, three of them being felonies in the time that you've had, I don't think anything but the maximum sentence would do justice.
In prior cases, this Court has cited a defendant's prior criminal record in finding that a maximum sentence was not constitutionally excessive. State v. Tran, 97-640 at 14, 709 So.2d at 318; State v. Payne, 612 So.2d 153 (La.App. 5 Cir.1992).
*1284 In State v. Payne, on reviewing a claim that a maximum sentence was excessive, this Court found that:
The defendant's extensive record of criminal convictions justifies imposition of the maximum sentence in this case. At the resentencing, the trial judge emphasized that this was the defendant's second conviction for simple burglary. He noted that, after the first simple burglary conviction, the defendant had been placed on probation, obviously with no deterrent effect. In addition to this prior felony conviction, the defendant had amassed five misdemeanor convictions for simple battery, criminal trespass, theft, illegal drugs, and possession of stolen property. At the time of his conviction in this case, the defendant was only 26 years old. The defendant's lengthy criminal record, despite his relatively young age, and the lack of any evidence that he intended to reform marked him as a member of the worst category of offenders. Given the circumstances of the instant case, we find the imposition of the twelve-year maximum sentence for the defendant's simple burglary conviction to be adequately supported by the record and therefore well within the trial judge's sentencing discretion. State v. Roy, 427 So.2d 612 (La.App. 5th Cir.1983).
State v. Payne, 612 So.2d at 154.
More recently, this Court, in State v. Tran, reviewed a claim by the defendant that the maximum sentence for simple burglary of an inhabited dwelling was excessive. This Court noted that the trial court listed several prior convictions in sentencing defendant and the trial court felt that the defendant's criminal record was the basis for imposing the maximum sentence. The trial court also noted that he was impressed by the disruption the defendant had caused in the lives of the victims. In finding that the trial court did not abuse its discretion, this Court noted that "Recent jurisprudence supports the imposition of the maximum sentence under this statute where the defendant's criminal record is extensive." State v. Tran, 97-640 at 14, 709 So.2d at 318.
In the present case, the trial court discussed defendant's four felony convictions in imposing sentence. The trial court further acknowledged that the sentence imposed was the maximum sentence but stated that with defendant's prior convictions any sentence less than the maximum would not do justice.
Having reviewed the sentence imposed and the reasons stated by the trial court, and in light of the cases cited above, we can say that the record does contain an adequate factual basis for the sentence. Additionally, as in the cases cited above, the maximum sentence imposed in this case does not appear to be excessive because of defendant's prior convictions. Therefore, because the sentence imposed is not apparently severe, remand for more complete compliance with LSA-C.Cr.P. art. 894.1 is not required.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant next complains that the trial court failed to give notice of the prescriptive periods for appeal and for post conviction relief. The State agrees that defendant was not so informed, but argues that the failure to notify defendant of the prescriptive period for appeal is moot and that defendant can be informed of the prescriptive period for post conviction relief by the trial court sending defendant written notice of the prescriptive period.[5] We agree with each of the State's assertions.
First, defendant argues that the trial court failed to give notice of the five-day *1285 prescriptive period in which to file an appeal. In the present case, defendant filed a timely appeal, so the trial court's failure to advise him of the prescriptive period for appeal is plainly moot. State v. Brown, 99-172, at 11 (La.App. 5 Cir. 9/28/99), 742 So.2d 1051, 1057, writ denied, 760 So.2d 340 (La.4/20/00).
Defendant also points out that the trial court failed to inform him of the prescriptive period for post conviction relief as required by LSA-C.Cr.P. art. 930.8C. At the time of sentencing, LSA-C.Cr.P. art. 930.8 provided that a defendant had three years from the day the judgment becomes final in which to file an application for post conviction relief. However, the Louisiana Legislature has amended Article 930.8 to shorten the prescriptive period. Acts 1999, No. 1262, eff. August 15th, 1999.
The amended article provides in pertinent part:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply ...
None of the exceptions listed in the article applies in this case. And in addition, the defendant is subject to the amended prescriptive period. Application of the new shorter prescriptive period in this case would not violate ex post facto prohibitions because LSA-C.Cr.P. art. 930.8 does not relate to an offense or its punishment. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189; State v. Stec, 99-633, at 11-12 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 790.
We therefore remand this matter and order the court below to inform the defendant of the amended prescriptive period by sending written notice to the defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. See State v. Hall, 95-1073, at 4 (La.App. 5 Cir. 4/16/96), 673 So.2d 1127, 1129.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant argues that his trial counsel was ineffective because counsel failed to object to his sentence or to file a motion to reconsider sentence, these omissions impairing the right to challenge sentences on appeal. The State argues that claims of ineffective assistance of counsel are more properly raised in the trial court in a motion for post conviction relief, or, alternatively, that since even a proper objection would not have affected the sentence imposed, defendant cannot show the prejudice necessary to prevail on a claim of ineffectiveness. While we find the record sufficient for a review of this claim, we nevertheless agree with the State's second assertion.
A claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355, 359 (La.1987); State v. McIntyre, 97-876, at 10 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. Only when the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal, may it be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993); State v. McIntyre, 97-876 at 10, 708 So.2d at 1075.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency *1286 prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042, at 9 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075. The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; State v. Serio, 94-131, at 4 (La.App. 5 Cir. 6/30/94), 641 So.2d 604, 607. In order to show prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068; State v. Soler, 93-1042 at 9, 636 So.2d at 1075.
It is noted at the outset that despite defendant's claims to the contrary, his trial counsel did object to the sentence at the time his sentence was imposed. After the trial court pronounced sentence, defendant's counsel stated, "Your Honor, note my objection." The trial court responded, "I'm going to note your objection." At the close of the sentencing proceedings, the trial court stated, "I note your objection to the sentence, Ms. Guste."
In the present case, defendant argues that his trial counsel was ineffective by failing to file a motion to reconsider. However, defendant does not argue that his sentence is excessive or identify any grounds on which a motion to reconsider could have been based. Defendant has not shown how his sentence would have been differentspecifically, shorter; therefore, defendant has failed to demonstrate how his trial counsel's failure to file such a motion prejudiced him.
Additionally, it must be remembered that defendant's sentence was reviewed for excessiveness in assignment of error number one to determine whether remand for more complete compliance with LSA-C.Cr.P. art. 894.1 was required. This Court has held that a defendant is not prejudiced by counsel's failure to object to a sentence at trial court level when the sentence has been reviewed for constitutional excessiveness on appeal. State v. Lewis, 98-672, at 9 (La.App. 5 Cir. 3/10/99), 732 So.2d 556, 561, writ denied, 1999-2818, 760 So.2d 334 (La.4/20/00); State v. Williams, 97-970, at 7-8 (La.App. 5 Cir. 1/27/98), 708 So.2d 1086, 1089. Because defendant failed to demonstrate any prejudice caused by failure to file a motion to reconsider, he has failed under the second prong of the Strickland test to show that his trial counsel was ineffective.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). The review reveals no errors patent in this case.
For the above reasons, defendant Donnell Chess's conviction and sentence are affirmed, and the matter is remanded for the sole purpose that the trial judge provide defendant with notice of the delays in which to file any application for post conviction relief, then to file into the record written proof that such notice was provided.
CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR COURT TO PROVIDE DEFENDANT WITH NOTICE OF DELAYS IN WHICH TO FILE APPLICATION FOR POST CONVICTION RELIEF.
NOTES
[1] This companion case was appealed under docket No. 00-KA-164.
[2] While the jury heard the felon in possession charge, the trial court heard the two counts of battery of a police officer that were filed in the companion case.
[3] It is noted that the written motion for appeal lists both this case and the companion case.
[4] It is noted that the transcript in this case spells the driver's name "Weed", but the bill of information in the companion case spells the name "Weadd".
[5] We note that the commitment states that the trial court informed defendant of the prescriptive periods, but the transcript does not show that defendant was so informed. When there is a discrepancy between the minutes and the transcript, the transcript must prevail. State v. Lynch, 441 So.2d 732, 734 (La. 1983).