598 So.2d 1302 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
Brian BROUSSARD, Defendant-Appellant.
No. Cr91-906.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
John Brown, Lake Charles, for defendant-appellant.
Rick Bryant, Dist. Atty., Lake Charles, for plaintiff-appellee.
Before YELVERTON, and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
*1303 KNOLL, Judge.
Defendant, Brian Broussard, appeals his conviction of distribution of cocaine, a violation of LSA-R.S. 40:967(A), on four assignments of error. Finding merit in defendant's second assignment of error, we pretermit any discussion on the remaining three assignments, reverse defendant's conviction, vacate his sentence of seven years and remand this case to the district court for a new trial in accordance with the views expressed herein.

FACTS
On the afternoon of May 24, 1990, the Lake Charles Police Department conducted undercover drug operations in Lake Charles. A confidential informant, acting as a customer, drove to a narrow street in Lake Charles named Boston Alley.
Upon arrival, defendant approached the informant about his desire for drugs. The informant assented and instructed defendant to get into informant's pickup truck. Defendant directed the informant to the Evans Street Park area where the two were approached by an unidentified third person. After the unidentified third person failed to secure any drugs for the two, defendant exited the truck with a twenty dollar bill given by the informant and returned a short time later with one crack cocaine rock. After refusing defendant's repeated requests for a share of the cocaine rock, the informant gave him two dollars and brought him back to Boston Alley. The informant then drove to a rendezvous point and gave the cocaine rock to an undercover officer. The entire alleged drug transaction occurring inside the pickup truck was videotaped by a hidden camera and microphone.
During trial, the videotape was admitted into evidence and viewed by the jury. The confidential informant testified at trial about his conversation with defendant, defendant's conversation and actions, and the alleged drug transaction. Defendant did not testify.
Approximately twenty minutes after retiring to deliberate, the jury sent a note to the trial judge requesting a review of the videotape. The trial judge refused the request.
Approximately thirty minutes later, the trial judge received a note from the jury wanting to know why they were not allowed to review the videotape. Over defendant's objection, the trial judge allowed the jury to review the videotape in its entirety.
Forty minutes after reviewing the videotape, the jury returned an 11-1 verdict of guilty as charged.

JURY'S REVIEW OF VIDEOTAPE DURING DELIBERATIONS
The defendant contends that the trial court erred in allowing the jury during deliberations to review the videotape showing defendant's alleged drug transaction. We agree.
LSA-C.Cr.P. Art. 793 provides:
"A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict."
Our Louisiana Supreme Court has made it abundantly clear that allowing a jury to review evidence or testimony such as audiotapes or transcripts during deliberations is reversible error because of the possibility that jurors might give undue weight to that limited portion of the oral testimony adduced at trial. State v. Adams, 550 So.2d 595 (La.1989); State v. McCully, 310 So.2d 833 (La.1975); State v. Freetime, 303 So.2d 487 (La.1974), appeal after remand, 334 So.2d 207 (La.1976).
Reversible error was found in instances where the jury, during deliberations, listened to a taped conversation between an undercover officer and defendant, State v. Lewis, 590 So.2d 1266 (La.App. 1st Cir. 1991), or a taped statement and transcript thereof by defendant. State v. Hailes, 501 So.2d 788 (La.App. 4th Cir.1986).
*1304 In the case sub judice, the tape in question reviewed by the jury during its deliberations was audio and video of defendant and the confidential informant before, during and after the drug transaction. Clearly, the videotape constituted testimony repeated to the jury during deliberations which is strictly prohibited by LSA-C.Cr.P. Art. 793. Accordingly, we must reverse defendant's conviction on this ground.
The State argues that: 1) the jury conducted a physical examination of the videotape necessary to arrive at a verdict; and, 2) videotapes are merely photographs with sound, thus they are admissible during deliberations. We disagree.
The record evidence is clear that the jury requested to review the videotape during deliberations not for a physical examination, but rather to review the audio and video contents of the tape. We reject the argument that the videotape at issue can be likened to a photograph with sound. The State relies on State v. Burdgess, 434 So.2d 1062 (La.1983), for the admissability of the videotape during jury deliberations since the admissability of videotapes is governed by the same rules as photographs. This argument is misplaced. Burdgess concerns the admissability of a videotape during trial and not during jury deliberations.
For the foregoing reasons, we reverse defendant's conviction, vacate and set aside his sentence, and remand this case to the trial court for a new trial consistent with the views expressed herein.
REVERSED and REMANDED.
NOTES
[*] Judge Bernard N. Marcantel, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.