756 So.2d 1148 (2000)
STATE of Louisiana
v.
Darren ROBERTSON.
No. 99-KA-1029.
Court of Appeal of Louisiana, Fifth Circuit.
February 29, 2000.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant District Attorney, Gretna, Louisiana, Attorneys for Appellee.
Bruce Whittaker, Gretna, Louisiana, Attorney for Appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
EDWARDS, Judge.
Defendant/appellant Darren L. Robertson appeals the ruling of the trial court sentencing him to life imprisonment without benefit of probation, parole or suspension of sentence as a third felony offender. Robertson was convicted of distribution of cocaine in violation of LSA-R.S. 40:967(A) and the State thereafter filed a multiple bill alleging that he was a third felony offender. Robertson alleges that the sentence imposed by the trial court was excessive. For the following reasons, we affirm the sentence imposed by the trial court.
On June 16, 1997, Robertson was approached by an undercover police officer who asked him for a rock of crack cocaine. He sold the cocaine to the undercover officer for twenty dollars ($20.00). The *1149 entire transaction was captured on videotape. Robertson was identified by the undercover officer as the perpetrator of the crime and was arrested for distribution of cocaine in violation of LSA-R.S. 40:967(A).
On August 19, 1998, a twelve-person jury was empaneled and the case was tried before the Honorable Charles V. Cusimano II of the Twenty-Fourth Judicial District Court. On August 20, 1998, the jury returned a verdict of guilty as charged to the crime of distribution of cocaine in violation of LSA-R.S. 40:967(A). On September 16, 1998, the trial court sentenced Robertson to twenty-five years at hard labor, with credit for time served. The State then filed a multiple bill alleging Robertson to be a third felony offender.
On March 10, 1999, the habitual offender proceeding was heard by the trial court. Robertson was found guilty as a third felony offender. On March 17, 1999, his original sentence was vacated and he was sentenced to life imprisonment, with credit for time served. On June 16, 1999, Robertson was re-sentenced and his life imprisonment was imposed without benefit of probation, parole or suspension of sentence. A motion for out of time appeal was filed on May 12, 1999, and subsequently granted by the trial court. The matter is now before this Court for review.

LAW AND ANALYSIS
Robertson alleges one assignment of error on appeal. In this assignment of error, he alleges that the trial court erred by imposing an excessive sentence after finding him guilty as a third felony offender. The assignment of error is without merit and the sentence imposed by the trial court must be affirmed.
It is first noted that Robertson did not file a motion to reconsider sentence following the imposition of his sentence. LSA-C.Cr.P. art. 881.1 provides that a defendant may file a motion to reconsider sentence within thirty days of sentencing. The article requires that the motion be made orally at the time of sentencing, or in writing, and that it set forth the specific grounds on which the motion is based. The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, precludes the defendant from raising those grounds on appeal.[1] In State v. Mims, the Louisiana Supreme Court was silent as to whether the failure to comply with article 881.1 precludes even a claim of constitutional excessiveness. In an abundance of caution, we shall consider the issue of whether the sentence was constitutionally excessive.[2]
The Eighth Amendment to the United States Constitution and Article 1 § 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.[3] The trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside as excessive absent manifest abuse of that broad discretion.[4]
The Habitual Offender Law prescribes a mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence when the third felony or either of the two prior felonies is a felony defined as a crime of violence under LSA-R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous *1150 Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years.[5] In the instant case, Robertson's third felony, distribution of cocaine, as well as the second predicate felony, subjects him to the mandatory sentence of life imprisonment.
The record supports the sentence imposed by the trial court. Robertson is a habitual offender with an extensive criminal history. The sentence of life imprisonment without benefit of probation, parole or suspension of sentence is not constitutionally excessive and must be affirmed by this Court.
The record was reviewed for errors patent.[6] One minor discrepancy was found in the record which must be corrected by the trial court.
A discrepancy was discovered between the enhanced sentencing commitment and the transcript. The enhanced sentencing commitment reflects that Robertson was found to be a multiple offender, but does not state that he is a third felony offender, as does the transcript. Generally, where there is a discrepancy between the minute entry or commitment, and the transcript, the transcript should prevail.[7] The trial court must have the enhanced sentence commitment amended to reflect that Robertson was found to be and was sentenced as a third felony offender.
In summary, it is the opinion of this Court that the trial court did not err in sentencing Robertson to life imprisonment without benefit of probation, parole or suspension of sentence. The sentence was not constitutionally excessive. The case must be affirmed and remanded to the trial court to correct the enhanced sentence commitment.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] State v. Mims, 619 So.2d 1059 (La.1993); State v. Holmes, 94-907 (La.App. 5th Cir. 3/15/95), 653 So.2d 642.
[2] See State v. Jackson, 96-661 (La.App. 5th Cir. 4/9/97), 694 So.2d 440; writs denied, 97-1050 (La.10/13/97), 703 So.2d 609, and 97-1255 (La.10/13/97), 703 So.2d 612.
[3] State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5th Cir.1991); writ denied, 577 So.2d 1009 (La. 1991).
[4] State v. Lanclos, 419 So.2d 475 (La.1982); State v. Riche, 608 So.2d 639 (La.App. 5th Cir.1992); writ denied, 613 So.2d 972 (La. 1993).
[5] LSA-R.S. 15:529.1(A)(c)(ii).
[6] State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
[7] State v. Lynch, 441 So.2d 732 (La.1983); State v. Haynes, 96-84 (La.App. 5th Cir. 6/25/96), 676 So.2d 1120.