ON APPLICATION FOR REHEARING
JjPER CURIAM.
In its application for rehearing, the State argues that we erred in our original opinion because permitting the jury to view a videotape during deliberations was found to be within the discretion of the trial court in State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012. The State also points out that the holding in Davis is the most recent statement of the law by the Louisiana Supreme Court on this issue. However, as we stated in our original opinion, the videotape in the Davis case was just that — a visual depiction of the incident without an audio component. ■ In fact, the Davis court likened the videotape to a photograph, which was neither testimony or written evidence prohibited by La. C.Cr.P. art. 793.
Unlike the facts in Davis, the videotape reviewed by the jury in the present case included an audio transcription of the dealings between the undercover officer and the defendant during the drug transaction. That the tape in this case contains an audio recording is not, as the State suggests, a distinction without a difference. The viewing of the videotape during the deliberations constituted testimony repeated to the jury, and is thus prohibited by the express provisions of La. C.Cr.P. art. 793. State v. Broussard, 598 So.2d 1302 (La.App. 3 Cir.1992).
The State also contends in its application that the trial court’s action in allowing the jury to view the videotape during delibera *1267 tion was, at most, harmless error, citing State v. Johnson, 97-1519 (La.App. 4 Cir. 1/27/99), 726 So.2d 1126, writ denied, 99-0646 (La.8/25/99), 747 So.2d 56. However, in Johnson, the documents that the jury-viewed during deliberations were not transcriptions of verbal testimony or statements by the defendant. Rather, they were medical records showing the victims’ condition which the jury requested to view.
Our Louisiana Supreme Court has made it clear that allowing a jury to review evidence or testimony such as audiotapes or transcripts during deliberations is reversible error because of the possibility that jurors might give undue weight to that limited portion of the oral testimony adduced at trial. State v. Adams, 550 So.2d 595 (La.1989); State v. McCully, 310 So.2d 833 (La.1975); State v. Freetime, 303 So.2d 487 (La.1974), appeal after remand, 334 So.2d 207 (La.1976). Reversible error was also found in instances where the jury, during deliberations, listened to a taped conversation between an undercover officer and defendant, State v. Lewis, 590 So.2d 1266 (La.App. 1 Cir.1991) and in instances where the jury viewed a videotape of defendant and confidential informant during a drug transaction, State v. Broussard, 598 So.2d 1302 (La.App. 3 Cir.1992).
We find that in the instant case the trial court impermissibly allowed the jury to review the videotape which included verbal testimony during deliberations, and this error mandates reversal. Accordingly, our original opinion remains unchanged, and the State’s application for rehearing is denied.

REHEARING DENIED.