838 So.2d 725 (2003)
STATE of Louisiana
v.
Irvin BROOKS.
No. 2001-K-0785.
Supreme Court of Louisiana.
January 14, 2003.
Rehearing Denied March 21, 2003.
*726 Richard P. Ieyoub, Attorney General, Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Gretna, Frank A. Brindisi, Thomas J. Butler, for Applicant.
Frederick Kroenke, Jr., Baton Rouge, for Respondent.
PER CURIAM.
We granted the state's application to review the decision of the court of appeal reversing respondent's convictions and sentences on three counts of distribution of cocaine in violation of La.R.S. 40:967 (A), on grounds that the trial court erred by permitting the jury to view videotapes of the drug transactions during deliberations. State v. Brooks, 00-0953, pp. 6-9 (la.App. 5th Cir.1/30/01), 777 So.2d 643, 646-48. For the reasons that follow, we reverse *727 and remand this case to the court of appeal.
The circumstances leading to respondent's arrest are undisputed. In 1996, the Jefferson Parish Sheriff's Office conducted an undercover narcotics operation on the east bank of Jefferson Parish. On three separate occasions officers purchased crack cocaine from the respondent. All three transactions were recorded with a hidden video camera. These tapes, which contained audible statements of respondent and the undercover agent, were properly introduced into evidence and viewed by the jury during trial. They were played again in open court for jurors, in response to their mid-deliberation request. At various times as jurors viewed the exhibits, "the videotapes were stopped at the foreperson's request." Brooks, 00-0953 at 6, 777 So.2d at 647. The court of appeal concluded on original hearing that "allowing the jury to view and listen to the tapes during deliberations was the same as having testimony repeated to the jury, which is expressly prohibited by LSA C.Cr.P. art. 793." Id., 00-0953 at 8-9, 777 So.2d at 648.[1] On the state's application for rehearing, the court of appeal went further and stated that "[t]he viewing of the videotape during the deliberations constituted testimony repeated to the jury, and is thus prohibited by the express provisions of La.C.Cr.P. art. 793". State v. Brooks, 00-0953, p. 1 (La.App. 5th Cir.2/28/01), 781 So.2d at 1266 (on reh'g)(emphasis added).
The court of appeal's effort to bring the present case within the letter of La.C.Cr.P. art. 793 was misguided. The statute generally prohibits "access to any written evidence" for its verbal content and prohibits the repeating of testimony to jurors during deliberations. However, in the present case, the audible portions of the videotape recorded not the testimony of the defendant or the undercover agent who made the transactions, but the res gestae statements made by the parties as the offense occurred. See La.C.Ev. art. 801 (D)(4)(excluding from hearsay definition things said and done "through the instructive, impulsive and spontaneous words and acts of the participants ... which are necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."); see also former R.S. 15:447 ("Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants....").
Thus, under the plain language of La.C.Cr.P. art. 793, a videotape/audiotape recording of a crime as it occurs is neither written evidence nor testimony. *728 See State v. Adams, 550 So.2d 595, 599 (La.1989) ("The general reason for the prohibition is a fear that jurors might give undue weight to the limited portion of the verbal testimony thus brought into the room with them.")(internal quotation marks and citation omitted)(emphasis added). Nor is the tape a recorded confession or inculpatory statement made by the defendant after the commission of a crime for purposes of this Court's longstanding jurisprudential rule preventing a jury from reviewing a defendant's post-offense statement during deliberations. See Adams, 550 So.2d at 598-99 (conviction for first degree murder reversed because jury reviewed audio tape and transcript of defendant's confession during deliberations); State v. Freetime, 303 So.2d 487, 490 (La.1974)(permitting jurors to have access to written confession, after they retired to deliberate, for sole purpose of rereading its verbal content, constituted reversible error).
Our decision in State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012, is therefore controlling. In Davis, we stated:
A videotape, which is like a photograph, is neither testimony nor written evidence and is not excluded by La. C.Cr.P. art. 793. A photograph is a reproduction of a physical object or scene. It is not "written" evidence of "testimony" within the meaning of La. C.Cr.P. art. 793, which prohibits the use of written material during deliberations. Hence, a jury's request to see a videotape after it retired to deliberate ... is not an abuse of the court's statutory discretion. See State v. Overton, 337 So.2d 1058 (La.1976).

Id. 92-1623 at 23, 637 So.2d at 1025.
The court of appeal distinguished Davis from the present case because the videotape reviewed by the jury here included an audio rendering of the dealings between the undercover officer and respondent during the drug transactions while the tape in Davis was only a visual depiction of the incident shot from a remote video surveillance camera (capturing the defendant's confrontation and murder of the victim during the course of an armed robbery) and did not contain any audio component. State v. Brooks, 00-0953, p. 1, 781 So.2d 1266 (on reh'g).
However, this distinction rests on the court of appeal's erroneous view expressed on rehearing that the statements made on the videotape amounted to testimony for purposes of art. 793. Subject to the explicit restrictions imposed by that statute, and by our jurisprudential rule precluding the use of a defendant's confession in any form in the course of jury deliberations, a trial court has sound discretion in permitting the jury's review of properly-admitted evidentiary exhibits during its deliberations, including audiotapes and videotapes. United States v. Cruz-Paulino, 61 F.3d 986, 997 (1st Cir. 1995); United States v. Hofer, 995 F.2d 746, 748 (7th Cir.1993); United States v. Scaife, 749 F.2d 338, 347 (6th Cir.1984).
We therefore resist any expansion of La.C.Cr.P. art. 793 beyond the plain meaning of its words by treating a videotape contained audible portions of res gestae statements as "testimony," or as the functional equivalent of testimony, an alternative suggested by the court of appeal on original hearing in the present case. In Overton, which we cited as authority for our holding in Davis, the two photographs viewed by the jury during deliberations depicted "bruises on [the victim's] face and bruises, lacerations and bandages on the lower parts of her arms," and were therefore "relevant to corroborate and strengthen the victim's testimony that her assailants beat her with a pistol...." Overton, 337 So.2d at 1064-65. In Davis, the videotape *729 of the crime as it happened corroborated the testimony of the surviving eyewitness on the scene. In both cases, it was possible to treat the exhibits as the "functional equivalent" of testimony given in open court for purposes of art. 793, yet in each case this Court had no difficulty in determining that the statute did not preclude the jury's review of the highly relevant evidentiary exhibits during its deliberations because photographs of a victim's injuries and videotapes of crimes as they happen are neither testimony nor written evidence within the literal compass of art. 793. The verbal content of the videotape in the present case does not compel a different result, because words are the equivalent of acts when spoken under the immediate pressure of events. La.C.E. art. 801(D)(4).[2] Finally, we would be particularly hesitant to adopt the court of appeal's holding in a case in which, as the supplemental transcript of the jury's viewing of the three videotapes reveals, the jury foreperson asked the state to pause each videotape and then to proceed slowly frame by frame, as if the tape were a series of still photographs. This procedure clearly indicates that jurors viewed each tape primarily for its visual and not verbal content.
Accordingly, the trial court did not err in allowing the jury to view videotapes properly admitted into evidence during their deliberations. We therefore reverse the decision below and remand this case to the court of appeal for consideration of respondent's remaining assignments of error pretermitted on original appeal.
JUDGEMENT REVERSED; CASE REMANDED TO COURT OF APPEAL.
JOHNSON, J., dissents.
NOTES
[1] Because appellate counsel did not represent the defendant at trial, he was unable to answer directly the state's argument that the defense waived any complaint under La. C.Cr.P. art. 793 because the trial transcript did not reflect any objection by defense counsel to the court's replaying of the videotape twice at the request of the jury during deliberations. The most that appellate counsel can state in this regard is that the trial transcript does not reflect one way or another whether the defendant and counsel were present at the time the court replayed the tape. The court of appeal put aside the controversy over whether the defense objected contemporaneously because the record in any event did not reflect an explicit agreement by the state and defense to waive the rule in La.C.Cr.P. art. 793. The court of appeal thus deemed the issue properly preserved for review. Brooks, 00-0953, p. 6 (orig.h'ng), 777 So.2d 643 at 647; see State v. Adams, 550 So.2d 595, 599 (La.1989) ("Just as a party may knowingly and voluntarily waive his constitutional rights... parties may agree to waive a statutory provision such as La.Code Crim.P. art. 793. Such an agreement must be in clear express language and must be reflected in the record.") (citation omitted).
[2] The two other circuit court of appeal opinions in which reversible error was found when the jury, during deliberations, viewed a videotape of the defendant and a confidential informant during a drug transaction, State v. Broussard, 598 So.2d 1302 (La.App. 3d Cir. 1992), and listened to a taped conversation between and undercover officer and the defendant, State v. Lewis, 590 So.2d 1266 (La.App. 1st Cir.1991), were both issued before this Court's decision in Davis, supra, and therefore represent superceded law.