841 So.2d 854 (2003)
STATE of Louisiana
v.
Irvin BROOKS.
Nos. 00-KA-953, 00-KA-954.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 2003.
*856 Frederick Kroenke, Louisiana Appellate Project, Baton Rouge, LA, for Irvin Brooks, Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreax, Thomas J. Butler, Frank Brindisi, Assistant District Attorneys, Gretna, LA, for Allstate Insurance Company, Plaintiff/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This case is on remand from the Louisiana Supreme Court.

FACTS AND PROCEDURAL HISTORY
Defendant, Irvin Brooks, was convicted of three counts of distribution of cocaine in violation of La. R.S. 40:967(A). In his original appeal from these convictions, defendant asserted four assignments of error, including a claim that the trial court erred in allowing the jury to view videotapes of the drug transactions during deliberations. We found merit in this argument, and we also considered defendant's claim that the evidence was insufficient to support his convictions. Although we found the evidence sufficient, we reversed defendant's convictions based on the improper showing of the videotapes to the jury during deliberations, and we remanded the matter for a new trial. State v. Brooks, 00-953 c/w 00-954 (La.App. 5 Cir. 1/30/01), 777 So.2d 643. Based on this holding, we pretermitted defendant's remaining assignments of error. Following this court's denial of the State of Louisiana's application for rehearing on February 28, 2001, the State sought writs to the Louisiana Supreme Court.
On March 22, 2001, the Supreme Court granted the State's application for writ of certiorari and/or review. State v. Brooks, 01-785 (La.3/22/02), 811 So.2d 924. By per curiam opinion rendered on January 14, 2003, the Supreme Court determined that the trial court did not err in allowing the jury to view videotapes of the drug transactions during their deliberations. The previous decision of this court was therefore reversed and the matter was remanded *857 to this court "for consideration of defendant's remaining assignments of error pretermitted on original appeal." State v. Brooks, 01-785, (La.1/14/03),838 So.2d 725, 2003 La. LEXIS 9.

DISCUSSION
Defendant's remaining assignments of error which were not considered in his original appeal relate to sentencing.[1] The record reveals the following with regard to defendant's sentence:
On June 30, 1998, the trial judge sentenced defendant to 25 years on each of the three counts to run concurrently with each other and with the first five years to be served without benefit of parole, probation, or suspension of sentence. On July 6, 1998, defendant filed a motion to reconsider sentence. On that same date, the State filed a multiple offender bill of information on count 2 of the bill of information alleging that defendant was a third felony offender. On January 5, 1999, defendant denied the allegations of the multiple bill. On September 8, 1999, the trial judge denied defendant's motion to reconsider sentence and motion for presentence investigation. Following denial of defendant's motions, defendant was found to be a multiple offender under LSA-R.S. 15:529.1. The trial judge vacated the original sentence on count 2 and sentenced defendant to life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence to run concurrently with the 25-year sentences on the other two counts. Defendant objected to the excessiveness of the sentences in an oral motion, which was denied. Defendant's new counsel filed a motion for appeal, which was granted.
Defendant argues that the trial court erred in imposing a sentence that is constitutionally excessive. For the reasons stated herein, we find no merit in this claim.
Defendant filed a motion to reconsider his original sentences alleging that they were constitutionally excessive; however, he failed to file a motion to reconsider the original sentences as is required by LSA-C.Cr.P. art. 881.1. Defendant did object orally after the trial judge sentenced the defendant as a multiple offender. LSA-C.Cr.P. art. 881.1 provides that a defendant may file a motion to reconsider sentence within 30 days of sentencing, but requires that the motion be made orally at the time of sentencing, or in writing, and that it set forth the specific grounds on which the motion is based. The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, precludes a defendant from raising those grounds on appeal. State v. Mims, 619 So.2d 1059 (La.1993); State v. Holmes, 94-907 (La.App. 5 Cir. 3/15/95), 653 So.2d 642, 646. In Mims, the Louisiana Supreme Court was silent as to whether the failure to comply with Article 881.1 precludes even a claim of constitutional excessiveness. However, in similar circumstances, this court has considered the issue of whether the sentence was constitutionally excessive. State v. Stec, 99-633 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 789; State v. Richmond, 98-1015 (La. App. 5 Cir. 3/10/99), 734 So.2d 33, 38.
In the instant case, defendant was initially sentenced to serve 25 years on each of the three counts, with the sentences to run concurrently, and with the first five years to be served without benefit of parole, probation, or suspension of sentence. Subsequently, the court found defendant to be a third felony offender under LSA-R.S. *858 15:529.1, vacated the sentence on count 2, and re-sentenced defendant to life imprisonment at hard labor, with the sentence to run concurrently with the 25-year sentences on the other two counts.
Defendant argues that all of his sentences are constitutionally excessive, because the trial judge did not adequately consider all of the criteria set forth in LSA-C.Cr.P. art. 894.1 when he imposed the original and the enhanced sentences. However, prior to the original sentencing, the trial judge stated as follows:
Now, as to the sentence, I have considered the sentencing guidelines in Article 894.1 of the Code of Criminal Procedure. I have also considered this Defendant's prior record. And that prior record is as follows: In 1991, he was pled, or he pled guilty to the crime of distribution of cocaine. In 1995, he pled guilty to possession of cocaine, in that same year to possession of drug paraphernalia. After considering the sentencing guidelines, his prior record, I've determined to sentence this defendant as follows: ...
This court examined a defendant's claim that her sentence should be overturned for failure to comply with LSA-C.Cr.P. art. 894.1 in State v. Battle, 98-1296 (La.App. 5 Cir. 5/19/99), 735 So.2d 844, 855, writ denied, 99-1785, 750 So.2d 980 (La.11/24/99). In Battle, the defendant contended that the trial court erred by failing to state for the record the considerations taken into account and the factual basis for imposing sentence as required by LSA-C.Cr.P. art. 894.1 C. However, this court noted that the defendant did not include the issue of failing to comply with LSA-C.Cr.P. art. 894.1 C in either her motion to reconsider sentence nor did she argue regarding that issue at the hearing on the motion to reconsider sentence. In Battle, this court therefore found that the defendant's failure to raise the issue in the trial court precluded her from raising the issue on appeal. State v. Wickem, 99-1261 (La. App. 5 Cir. 4/12/00), 759 So.2d 961, 967-968, writ denied, 00-1371, (La.2/16/01), 785 So.2d 839, citing State v. Battle, 98-1296 at 18-19, 735 So.2d at 855-56 (citations omitted).
In the instant case, defendant did not raise the issue of the trial court's failure to comply with LSA-C.Cr.P. art. 894.1 in the trial court, and he raises this issue for the first time on appeal. Therefore, under the authority of State v. Wickem and State v. Battle, cited above, defendant is precluded from raising this issue on appeal. Even if defendant was not precluded from raising this issue on appeal, if there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for re-sentencing. State v. Tribblt, 00-153 (La.App. 5 Cir. 8/29/00), 767 So.2d 901, citing State v. Morris, 98-236 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076, 1082. In the instant matter, the record reflects that, in 1991, defendant pled guilty to the crime of distribution of cocaine, and in 1995, he pled guilty to possession of cocaine and to possession of drug paraphernalia. Therefore, we find an adequate factual basis for the sentences contained in the record.
Next, defendant challenges the excessiveness of the enhanced sentence to life imprisonment based on State v. Dorthey, 623 So.2d 1276 (La. 1993). Defendant received the mandatory minimum sentence under LSA-R.S. 15:529.1(A)(1)(b)(ii), the Habitual Offender Law. Despite having received the mandatory minimum sentence, defendant's sentence may be reviewed for constitutional excessiveness. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676; State v. Armstrong, 99-925 (La. *859 App. 5 Cir. 2/16/00), 756 So.2d 533, 538, writ denied, 00-2419 (La.6/1/01), 793 So.2d 182.
A mandatory sentence may be excessive if the sentence "makes no measurable contribution to acceptable goals of punishment or ... amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime." State v. Armstrong, supra at 537. However, it is presumed that the mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Dorthey, 623 So.2d 1276 (La.1993). To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[h]e is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances. State v. Johnson, supra at 676. A trial court may not rely solely upon the nonviolent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of the constitutionality of the mandated minimum sentence. Id.

In the present case, defendant argued at the enhanced sentence hearing that a person who has been convicted of three counts of distribution of cocaine does not deserve the same sentence as another defendant in another high-profile case who was sentenced to life imprisonment for murdering his children. Defendant also argued that his prior offenses were not crimes of violence, and that he does not deserve life in prison "for having a drug problem." The trial judge considered defendant's argument and found that, based on the record in the case and defendant's prior record, it was appropriate to sentence defendant to life as required under the Habitual Offender Law.
In State v. Robertson, 99-1029 (La.App. 5 Cir. 2/29/00), 756 So.2d 1148, 1149-1150, defendant was convicted of distribution of cocaine and sentenced as a third felony offender to life imprisonment without benefit of parole, probation or suspension of sentence. He alleged on appeal that the trial court erred by imposing an excessive sentence. This court found that defendant was a habitual offender with an extensive criminal history and held that the sentence of life imprisonment was not constitutionally excessive. Likewise, in State v. Bell, 97-1134 (La.App. 5 Cir. 2/25/98), 709 So.2d 921, 926-927, writ denied, 98-0792 (La.9/16/98), 721 So.2d 477, and writ denied, 01-2911 (La.8/30/02), 823 So.2d 943, defendant was convicted of possession with intent to distribute cocaine and sentenced as a third felony offender to life imprisonment. This court found that defendant had not presented sufficient evidence to rebut the presumption of constitutionality of the sentence imposed and, therefore, the statutory minimum sentence of life imprisonment was mandated and proper.
This court has held that mandatory life sentences under the Habitual Offender Statute for distribution of cocaine and possession with intent to distribute cocaine are not constitutionally excessive. Based on a review of the record and the law, we find that the defendant has not presented sufficient evidence to rebut the presumption of constitutionality of the sentence imposed and, therefore, we find that the statutory minimum sentence of life imprisonment is mandated and proper in this case.
Defendant next argues that the failure of trial counsel to file a motion to reconsider sentence should not preclude this court *860 from considering the constitutionality of the sentence; and, in the event that it does, then the failure of trial counsel constitutes ineffective assistance of counsel. The state responds that claims of ineffective assistance of counsel are more properly raised in the trial court in a motion for post conviction relief, or alternatively, that since even a proper objection would not have affected the sentence imposed, defendant cannot show the prejudice necessary to prevail on a claim of ineffectiveness.
A claim of ineffective assistance of counsel is most appropriately addressed through an application for postconviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355, 359 (La.1987); State v. McIntyre, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. Only when the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal, may it be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993); State v. McIntyre, 708 So.2d at 1075. The appellate record in this case contains sufficient evidence for this court to consider defendant's claim of ineffective assistance of counsel.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, Sec. 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075, writ denied, 94-1361 (La. 11/4/94), 644 So.2d 1055. The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; State v. Serio, 94-131 (La. App. 5 Cir. 6/30/94), 641 So.2d 604, 607, writ denied, 94-2025 (La.12/16/94), 648 So.2d 388. In order to show prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068; State v. Soler, 93-1042, 636 So.2d at 1075.
In State v. Chess, 00-163 (La.App. 5 Cir. 6/27/00), 762 So.2d 1279, 1285-1286, defendant argued that his trial counsel was ineffective because counsel failed to object to his sentence or to file a motion to reconsider sentence. Even though defendant failed to file a motion to reconsider sentence, the court reviewed his sentence for excessiveness. The court held that, because defendant failed to demonstrate any prejudice caused by the failure to file a motion to reconsider, he failed under the second prong of the Strickland test to show that his trial counsel was ineffective.
This court has routinely reviewed sentences for constitutional excessiveness despite a defendant's failure to file a timely motion to reconsider sentence. State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, writ denied, State v. Patterson, 99-3217 (La.4/20/00), 760 So.2d 342. This court has also held that a defendant is not prejudiced by counsel's failure to object to a sentence at the trial court level when the sentence has been reviewed for constitutional excessiveness on appeal. State v. Lewis, 98-672 (La.App. 5 Cir. 3/10/99), 732 So.2d 556, 561, writ denied, 99-2818, 760 So.2d 334 (La.4/20/00). By this opinion, the defendant's sentence was reviewed for constitutional excessiveness. *861 Therefore, based on the foregoing, we find that defendant has failed to demonstrate any prejudice caused by the failure to file a motion to reconsider sentence and, therefore, that he has failed under the second prong of the Strickland test to show that his trial counsel was ineffective.
ERRORS PATENT
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). The review reveals errors patent in this case.
A multiple offender bill of information was filed against defendant. When a multiple offender bill of information is filed, LSA-R.S. 15:529.1 D(1)(a) provides that the trial court shall order the defendant to appear before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law, and shall require the offender to say whether the allegations are true. The statute also requires that the court advise the defendant of his right to remain silent. In the instant case, the trial court failed to advise defendant of his multiple bill rights on the record. However, in State v. Dearmas, 606 So.2d 567, 569 (La.App. 5 Cir. 1992), overruled on other grounds in State v. Davis, 01-123 (La.App. 5 Cir. 7/30/01), 792 So.2d 126, 131, this court held that the failure of the trial court to advise the defendant of his right to a trial and to remain silent was harmless error where the multiple offender status was established by competent evidence offered by the state at the hearing, rather than by admission of the defendant. In the instant case, defendant denied the allegations of the multiple bill, and the state presented competent evidence at a hearing to establish defendant's multiple offender status. As such, we find that the trial court's failure to advise defendant of the specific allegations against him and of his right to be tried and to remain silent was harmless error.
The multiple offender bill of information did not specify the offense for which the state sought enhancement. Defendant objected to the lack of notice when the state advised the court at the conclusion of the multiple offender hearing that it was multiple billing the defendant on count 2 of the bill of information. Although the defendant objected, he did not file a written response to the multiple offender bill of information as is required by the multiple offender statute, LSA-R.S. 15:529.1(D)(1)(b). Therefore, we will not consider this issue.
Although defendant was properly advised of the three-year period for filing post-conviction relief at the time of the original sentencing, he was not advised of the prescriptive period after he was sentenced as a multiple offender as mandated by LSA-C.Cr.P. art. 930.8. Therefore, the trial court is hereby instructed to advise defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice into the record of the proceedings. State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973, 975.
DECREE
Accordingly, for the reasons assigned herein, the convictions and sentences of defendant, Irvin Brooks, are hereby affirmed.
AFFIRMED; CASE REMANDED WITH INSTRUCTIONS.
NOTES
[1] The factual basis for defendant's convictions was accurately stated in our opinion on defendant's original appeal and will not be repeated herein. See, State v. Brooks, 00-953 c/w 00-954 (La.App. 5 Cir. 1/30/01), 777 So.2d 643, 644-645.